Barbara Banchero Hoffmann
Special Assistant Attorney General
Office of Legal Affairs
Department of Public Health and Human Services
P.O. Box 4210
Helena, MT 59604-4210
Tel: (406) 444-5625
Fax: (406)444-9744
bhoffmann@mt.gov

Attorney for State Respondents

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| K.E.N. *et al.*, <br><br> Petitioners and Affected Parties, <br><br> v. <br><br> MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Respondents. | Civil Action No. 15-cv-29-GF-BMM <br><br> **STATE RESPONDENTS' BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED PETITION FOR REVIEW** |

Come now Respondents, the Montana Department of Public Health and Human Services, Richard Opper, John Stroppel, Carolyn Kovatch, and Lynn Kutzler (the "State Respondents"), who move pursuant to Rules 12(b)(1) and 12 (b)(6), Fed. R. Civ. P., to dismiss the Petitioners' Second Amended Petition for Review.

1

# I. FACTS AND PROCEDURAL BACKGROUND

Dawn McGee ("McGee") was receiving Supplemental Nutrition Assistance Program ("SNAP") benefits, formerly known as Food Stamps, for herself and four of her minor children including K.E.N. *See* Statement of Stipulated Facts ("Stip. Facts"), #4; Petitioners' Ex. 21. McGee shares a house with K.E.N.'s father, Helge Naber ("Naber"), but they are not married. Stip. Facts, ##2-3. Initially Naber was not included in McGee's SNAP household, and he does not wish to receive benefits for himself or K.E.N. Stip. Facts, #4.

Nevertheless, the Department of Public Health and Human Services (the "Department") determined that federal SNAP law requires Naber as well as K.E.N. to be included in McGee's SNAP household, which meant that Naber's income had to be counted in determining McGee's SNAP eligibility and benefit amount. Stip. Facts, #7. As outlined below, the administrative law judge and the Board of Public Assistance agreed that federal SNAP law requires both K.E.N. and Naber to be included in McGee's SNAP household. *See* Order Granting Summary Judgment to Department, pp. 7-8; Petitioners' Ex. 22; Board Order, ¶ 2 (February 25, 2015); Petitioners' Ex. 23. McGee's benefits were terminated when she was asked to provide information about Naber's income and did not do so. Stip. Facts, #11.

McGee requested a hearing to contest the termination of her benefits, and a hearing was conducted by the Department's Office of Fair Hearings. The administrative law judge granted summary judgment in favor of the Department. Petitioners' Ex. 22. McGee then requested review of the order granting summary judgment by the Board of Public Assistance (the "Board"), which upheld the summary judgment in favor of the Department. On or about April 1, 2015, McGee filed a Notice of Appeal & Petition for Judicial Review in the Montana First Judicial District Court seeking review of the Board Order. On or about April 2, 2015, Naber and K.E.N. filed their Second Amended Petition for Review in this Court.

## II. ARGUMENT

A. <u>Petitioners' Claim For Judicial Review Pursuant To 5 U.S.C. §701 *Et Seq*. Should Be Dismissed</u>.

Petitioners assert five claims against Respondents. Their first claim, Claim A, is a request for judicial review pursuant to 5 U.S.C. §701 *et seq.,* which provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." "Agency" is defined in 5 U.S.C. §701(b)( (1) as "each authority of the Government of the United States…". Thus, a person is entitled to judicial review pursuant to 5 U.S.C. §702 only if the person is aggrieved by an action of a federal agency or entity.

None of the actions of which Petitioners complain was taken by a federal agency or entity. It is true that SNAP is a joint federal-state program partially funded by the federal government. *Withrow v. Concannon,* 942 F.2d 1385, 1386 (9th Cir. 1991). It is, however, administered by the Department, a state agency, although the Department is required to comply with all federal laws and requirements. *See* Section 53-2-901, MCA. As shown by Petitioners' Exhibits, all the actions regarding McGee's SNAP eligibility to which Petitioners object were taken by Carolyn Kovatch, Lynn Kutzler and John Stroppel. Petitioners admit that Carolyn Kovatch and John Stroppel are employed by the State of Montana. Second Amended Petition , p. 3, section mistakenly designated as #3. The Second Amended Petition does not identify Lynn Kutzler as a State employee, but she works in the same office as Kovatch and Stroppel and is also employed by the Department. The only federal respondent, Tom Vilsack, the Secretary of the U.S. Department of Agriculture, has never taken any action against or in regard to McGee, Naber or K.E.N.

Thus, the Court should dismiss Claim A pursuant to Rule 12(b)(1), Fed. R. Civ. P., on the grounds that the Court lacks subject matter jurisdiction in regard to this claim. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Alfonso v. U.S.,* 752 F3d 622, 625 (5th Cir. 2014). Petitioners, the party asserting jurisdiction, have failed to prove that this Court has

jurisdiction under 5 U.S.C. §702 because they have not proven that they are aggrieved by any action of a federal agency or entity. Any adverse action taken against Petitioners was taken by employees of the Department, a state agency. The hearing requested by McGee to contest the termination of her benefits was a contested case under the Montana Administrative Procedure Act, Section 2-4-601 *et seq.*, MCA. The Board of Public Assistance, a quasi- judicial board created by § 2-15-2203, MCA, and appointed by the Governor, heard McGee's appeal of the administrative law judge's order. State district courts have subject matter jurisdiction to review final decisions of state agencies pursuant to § 2-4-701 *et seq.*, MCA. As noted in Section I, above, McGee has filed a petition for judicial review in the Montana First Judicial District Court seeking review of the Board Order. Thus, Petitioners' claim for judicial review by this Court should be dismissed for lack of subject matter jurisdiction.

B.  <u>Petitioners' Tort Claims Pursuant to 28 U.S.C. §2674 Should Be Dismissed.</u>

Petitioners' second claim, Claim B, consists of two tort claims pursuant to 28 U.S.C. §2674, which provides that the United States is liable for torts in the same manner and to the same extent as a private individual under like circumstances. The definitions section, 28 U.S.C. §2671, does not define "tort", but 28 U.S.C. §2672, Administrative Adjustment of Claims, provides that the head of a federal agency may adjust, compromise or settle "any claim for money

damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment…" This indicates that a tort for which the United States may be liable under 28 U.S.C. §2674 is an injury, loss or death caused by the negligent or wrongful act or omission of an employee of a federal agency. "Federal agency" as defined in 28 USC §2671 "includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States…"

As discussed in Section II.A., above, none of the allegedly improper actions taken in regard to McGee's SNAP benefits was taken by an employee of a federal agency; they were the actions of state employees. Thus, the Court should dismiss Claim B pursuant to Rule 12(b)(1) on the ground that the Court lacks subject matter jurisdiction in regard to this claim. Petitioners have failed to meet their burden of proving that this Court has jurisdiction under 28 U.S.C. §2674 because they have not demonstrated that they have suffered any injury or loss caused by the negligent or wrongful act or omission of an employee of a federal agency.

Additionally, as a prerequisite to filing a tort claim under 28 U.S.C. §2674 the claimant must first have presented the claim to the appropriate federal agency

and the claim must have been denied by the agency in writing.  *See* 28 U.S.C. §2675.  Even if Petitioners had been injured by a federal employee, this Court would not have jurisdiction of their claim under 28 U.S.C. §2674 because they submitted no proof that they presented their claim to the appropriate federal agency.

C.      Petitioners' Claim Pursuant To 42 U.S.C.§1983 Should Be Dismissed.

Petitioners' third claim, Claim C, is a claim for damages pursuant to 42 U.S.C. §1983, which provides that a person who, under color of state law, deprives another person of any rights, privileges, or immunities secured by the U.S. Constitution and laws shall be liable to the injured party in an action at law.  In support of Claim C, Petitioners reassert the allegations of ¶¶ 1 through 4, 6, 8, 14, 15, 18, 20 and 22 and the allegations of Claim B.  Claim B alleges that the State Respondents violated McGee's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by asking McGee to provide personal information about Naber, who by federal law is required to be included as a member of McGee's SNAP household.  *See* Second Amended Petition, p. 15; Claim B, #2.  State Respondents ask the Court to dismiss Claim C pursuant to Rule 12(b)(6) because Petitioners have failed to state a claim upon which relief can be granted.

Dismissal under Rule 12(b)(6) is proper when the complaint (or in this case petition) lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In this case, Petitioners have failed to allege sufficient facts to support their legal theory. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Bare assertions amounting to nothing more than formulaic recitations of the elements are not entitled to an assumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). A court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations. *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003). A court will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action. *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S. D. Cal. 1998).

The only facts Petitioners offer to support their claim that the State Respondents violated any rights of McGee, Naber or K.E.N. are the facts contained

in ¶¶14, 15 and 22, which allege that the State Respondents asked McGee for financial and other information about Naber, advised her that her benefits would terminate if she failed to provide this information and terminated her benefits when she did not provide it. Claim B states the following:

> Individual Respondent KOVACH [sic] created, designed, or composed, and caused Eligibility Notice Doc #4156965, 4 [sic] to be sent to Dawn inquiring about Helge's personal information such as social security number, financial information, and immigration status, and threatening closure of benefits against Dawn in case of non-compliance, despite Dawn's [sic] in violation of U.S. Const. Amend Amend. [sic] IV, V, XIV, 28 U.S.C. §2674, Deserly v. Mont. Dept. of Corrections, 2000 MT 12, 995 P.2d 972. 42 U.S.C. §1983. [sic] Individual Respondent STROPPEL knowingly or recklessly failed to supervise, train, or instruct Individual Respondent KOVACH [sic], or to intervene [sic] Individual Respondent's actions, whereby both, directly and indirectly, caused proximate harm to the Affected Parties.

Petitioners provide no explanation of how State Respondents' actions violated McGee's or the Affected Parties' rights under the Fourth, Fifth or Fourteenth Amendments. The Court is not required to, and should not, accept the unsupported legal conclusion that their rights were violated.

The movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). *Pearl River Union Free Sch. Dist. v. Duncan,* 56 F. Supp. 3d 339, 351 (S.D.N.Y. 2014). The State Respondents have met that burden by showing that Petitioners failed to allege sufficient facts to support their legal theory of the case. Their motion to dismiss Claim C should, therefore, be granted.

D.  Petitioners Claim For Fees And Expenses Should Be Dismissed.

Petitioners' fourth claim, Claim D, seeks fees and other expenses pursuant to 28 U.S.C. §2412 (d)(1), which provides that the Court shall award fees and other expenses to the party who prevails, other than the United States, in any civil action except a tort action brought by or against the United States. The State Respondents ask the Court to dismiss this claim on the ground that it is premature, as it is unknown at this stage of the proceedings which party will prevail.

E.  Petitioners' Claim For Suspension Of Federal Funding Pursuant To 7 U.S.C. §2025 And 7 CFR 277.16 Should Be Dismissed.

Petitioners' fifth claim, incorrectly designated as Claim D, asks the Court to order the suspension of the Department's federal funding pursuant to 7 U.S.C. §2025 and 7 CFR 277.16. 7 U.S.C. §2025 provides that the U.S. Department of Agriculture ("DOA") shall pay 50% of the state SNAP agency's administrative costs of operating the SNAP program. 7 CFR § 277.16 provides that the Food and Nutrition Service ("FNS"), the division of DOA that administers SNAP, may temporarily withhold some or all federal reimbursements for costs of administration when a State agency has materially failed to comply with any of the provisions of the federal Food Stamp Act[1] or regulations. The Court should

---

[1] The name of the federal statute governing SNAP remains the Food Stamp Act although the name of the program has changed.

dismiss this claim because Petitioners lack standing to seek suspension of federal funding to the Department.

Private rights of action to enforce federal laws must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The fact that a federal statute has been violated and some person has been harmed does not automatically give rise to a private cause of action in favor of that person. *Stew Farm v. Natural Res. Conservation Serv.*, 767 F.3d 554, 563 (6th Cir. 2014), citing *Cannon v. Univ. of Chicago,* 441 U.S. 677, 688 (1979). Additionally, the provision that FNS may suspend payments to a state agency when the agency has materially failed to comply with a provision of the federal Food Stamp Act or regulations is not contained in 7 U.S.C. §2025. That statute authorizes the DOA to impose corrective action and penalties on states with high payment error rates but does not authorize the suspension of payments to a state agency for that or any other reason.

It is 7 CFR 277.16, not 7 U.S.C. §2025, that allows the suspension of federal funds due to a state agency's failure to comply with federal laws governing SNAP. "Congress through statutes, not the executive branch through regulations, defines the subject-matter jurisdiction of federal courts. We know of no authority otherwise that suggests a private right of action can be created expressly or impliedly by a federal regulation." *Stew Farm*, 767 F.3d at 563-564. The U.S. Supreme Court also has rejected the argument that a private right of action can be

created by a federal regulation. *Touche Ross & Co. Redington,* 442 U.S. 560, 577 n.18, (1979).

There is no private right of action to seek the suspension of federal SNAP funding to the Department, even if the Department had materially failed to comply with federal law, because Congress created no private right of action in 7 U.S.C. §2025. Hence, Petitioners have no standing to seek the suspension of federal funds. A motion to dismiss for lack of standing constitutes a motion under Rule 12(b)(1) "because the defect of standing is a defect in subject matter jurisdiction." *Food and Water Watch v. U.S. EPA,* 5 F. Supp. 3d 62, 72 (D.D.C. 2013), citing *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction". *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996), cited in *Kingman Reef Atoll Invs. v. U.S. Dept. of the Interior*, 195 F. Supp. 2d 1178, 1183 (D. Hawaii, 2002). Hence, Petitioners have the burden of proving they have standing to assert this claim. They have failed to meet that burden.

### III. CONCLUSION

Petitioners' claims for judicial review and the suspension of federal funding and their tort claims should be dismissed because Petitioners have failed to prove that this Court has subject matter jurisdiction over these claims. Petitioners' claim under 42 U.S.C. §1983 should be dismissed because the State Respondents have

demonstrated Petitioners' failure to allege sufficient facts to support a cognizable legal theory. Petitioners' Claim D should be dismissed because it was filed prematurely.

WHEREFORE, the State Respondents ask the Court to enter an order:

(1)     Dismissing Claims A, B, and E pursuant to Rule 12(b) (1);

(2)     Dismissing Claim C pursuant to Rule 12(b) (6);

(3)     Dismissing Claim D because it is premature;

(4)     Denying Petitioners' prayer that the State Respondents be enjoined from treating K.E.N. and Naber as members of McGee's SNAP household and allegedly intruding upon the Affected Parties' rights;

(5)     Denying Petitioners' prayer that SNAP benefits be reinstated for McGee's household in its original composition; and

(6)     Granting such other relief as may be just and proper.

Date: June 24, 2015.

/s/ Barbara Banchero Hoffman
Barbara Banchero Hoffman

Attorney for the State Respondents

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1(d)(2)(E), D. Mont. L.R. (April 7, 2014), I certify that this brief is printed with proportionally spaced Times New Roman font of 14-point size; is double-spaced, contains a word count of 2,856, excluding the caption, and certificate of compliance according to Microsoft Word 2010.

DATED this 24th day of June, 2015.

_____
Barbara Banchero Hoffman
Special Assistant Attorney General